# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, In His Capacity as Court-Appointed Receiver for Ronnie Gene Wilson and Atlantic Bullion and Coin, Inc., )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Brigitte Owens, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 8:15-cv-02373-JMC<br><br><br><br>**ORDER AND OPINION** |

Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion and Coin, Inc. ("AB&C"), filed the instant action against Defendant Brigitte Owens ("Defendant") to recover grossly excessive payments received by Defendant as a return on her investment in the Wilson-AB&C Ponzi scheme.[1] (ECF No. 1.)

This matter is before the court as a result of Defendant's Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11.) Plaintiff opposes Defendant's Motion to Dismiss in its entirety. (ECF No. 12.) For the reasons set forth below, the court **DENIES** Defendant's Motion to Dismiss.

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program." United States v. Wilson, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012). In Wilson, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain . . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return–sometimes in excess of 200 percent. Id. at ECF No. 17 at 1.

1

### I.     RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff is the court appointed Receiver in <u>In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc.</u>, C/A No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012), a case related to the instant matter.  Plaintiff alleges that "[o]n May 10, 2006, Defendant made an initial 'investment' [in the Wilson-AB&C Ponzi scheme] of $40,000.00."  (ECF No. 1 at 4 ¶ 24.)  Subsequently, "Defendant received $295,190.00 in returns [from the Wilson-AB&C Ponzi scheme] between March 24, 2008 and January 2012, resulting in a profit of $255,190.00."  (<u>Id.</u> at ¶ 25.)

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced the instant action against Defendant on June 11, 2015, asserting claims for fraudulent transfer (in violation of the Statute of Elizabeth, S.C. Code Ann. § 27-23-10 (2014) and/or the North Carolina Uniform Fraudulent Transfer Act, N.C. Gen. Stat. §§ 39-23.1–39-23.12) and unjust enrichment. (ECF No. 1 at 1 ¶ 1 & 6 ¶ 37–7 ¶ 51.)  On September 13, 2015, Defendant filed the instant Motion to Dismiss.  (ECF No. 11.)  Thereafter, on September 30, 2015, Plaintiff filed a Memorandum in Opposition to Brigitte Owens' Motion to Dismiss (ECF No. 12), to which Defendant filed a Reply Brief in Support of Motion to Dismiss (ECF No. 13) on October 5, 2015.

### II.     JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. § 1331 pursuant to Plaintiff's allegation that the Complaint "is so related to the <u>In Re Receiver</u>, 8:12-CV-2078-JMC case and the underlying criminal case, <u>United States v. Wilson, et al</u>, 8:12-cr-00320[,]" cases in which the court has jurisdiction, "that it forms part of the underlying case or controversy."  (ECF No. 1 at 1

2

¶ 3.) The court may properly hear Plaintiff's state law claims for fraudulent transfer and unjust enrichment based on supplemental jurisdiction since these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

### III.    LEGAL STANDARD

A.    <u>Motions to Dismiss for Lack of Personal Jurisdiction</u>

When a defendant challenges the court's personal jurisdiction under Rule 12(b)(2), plaintiff has the burden of proving that jurisdiction exists "by a preponderance of the evidence." <u>In re Celotex Corp.</u>, 124 F.3d 619, 628 (4th Cir. 1997). "[W]hen, as here, a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing or without deferring ruling pending receipt at trial of evidence relevant to the jurisdictional issue, but rather relies on the complaint and affidavits alone, 'the burden on the plaintiff is simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge.'" <u>Id.</u>; see also <u>New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.</u>, 416 F.3d 290, 294 (4th Cir. 2005) (noting that a plaintiff need only make a prima facie showing of jurisdiction when the court does not conduct an evidentiary hearing). In deciding whether plaintiff has met this burden, the court construes all disputed facts and draws all reasonable inferences from the proof in favor of jurisdiction. <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 396 (4th Cir. 2003); <u>Mylan Labs., Inc. v. Akzo, N.V.</u>, 2 F.3d 56, 60 (4th Cir. 1993). In ruling on a motion to dismiss for lack of personal jurisdiction, the court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, without converting the motion to dismiss into a motion for summary judgment. <u>Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.</u>, 784 F. Supp. 306, 310 (D.S.C. 1992).

B.     Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

### IV.     ANALYSIS

A.     Dismissal for Lack of Prior Permission to File This Action

*1. The Parties' Arguments*

Defendant argues that the Complaint should be dismissed because Plaintiff was a court-

4

appointed receiver and he needed to have court approval prior to filing the action against her. (ECF No. 11-1 at 3 (citing Booth v. Clark, 58 U.S. 322, 331 (1855) ("When appointed, very little discretion is allowed to him, for he must apply to the court for liberty to bring or defend actions, . . . .")).)  Specifically, Defendant asserts that a conflict of interest "exists between investors who were net losers and those who are net winners" and Plaintiff cannot resolve the conflict without direction from the court.  (Id. at 3–4.)  In this regard, Defendant asserts that the allegations of the Complaint do not establish that Plaintiff received prior authorization from the court to file the instant action.  (Id. at 4.)  As a result, Defendant contends that "this action should be dismissed without prejudice until such time as . . . [Plaintiff] obtains leave of [c]ourt to file this Complaint against . . . [Defendant].  (Id. (citing United States v. Providence Journal Co., 485 U.S. 693, 695 (1988) (dismissing the writ because the court-appointed prosecutor failed to get authorization from the Solicitor General before seeking certiorari); Holland v. Sterling Enters., Inc., 777 F.2d 1288, 1294 (7th Cir. 1985) (addressing whether a receiver can appeal an order of the appointing court without prior approval)).)

Plaintiff opposes dismissal of the Complaint on the aforementioned ground arguing that he was expressly executing duties as directed by the court when he initiated the instant action against Defendant.  (ECF No. 12 at 2.)

   2.  *The Court's Review*

Defendant contends that Plaintiff needed specific, prior permission from the court to file the instant action against her.  Defendant failed to present any case law or authority that directly supports her position.  She instead relies primarily on the Supreme Court's observations in Booth that a receiver "must apply to the court for liberty to bring or defend actions," 58 U.S. at 331, and "is an indifferent person between parties."  Id. at 332.

5

Upon review, the court observes that it considered <u>Booth</u>, <u>Holland</u>, and <u>Providence Journal</u> and concludes that these cases do not create a prerequisite requiring Plaintiff to ask for and receive prior direction from the court before filing the Complaint against Defendant. According to <u>Booth</u>, a receiver only has those powers "conferred upon him by the order of his appointment and the course and practice of the court . . . ." <u>Id.</u> at 331. In Plaintiff's Order of Appointment, the court expressly stated that Plaintiff was authorized to "institute such actions and legal proceedings . . . as the Receiver deems necessary against those . . . wrongfully, illegally or otherwise improperly . . . in the possession of  . . . proceeds directly or indirectly traceable from investors" in the Wilson-AB&C Ponzi scheme. <u>In Re: Receiver for Ronnie Gene Wilson</u>, C/A No. 8:12-cv-02078-JMC, ECF No. 1 at 3 ¶ 2. Moreover, the court entered Plaintiff's Order of Appointment pursuant to 18 U.S.C. § 1956(b)(4)(A), which statute grants a receiver authority under 28 U.S.C. § 754 "to sue in any district without ancillary appointment." <u>Id.</u>; <u>see also</u> 18 U.S.C. § 1956(b)(4)(B).

In this matter, Plaintiff instituted an action against Defendant based on allegations that she is improperly in possession of $225,190.00 in proceeds from the Wilson-AB&C Ponzi scheme. The court concludes that Plaintiff's actions in filing the instant matter were within the powers conferred to him by his Order of Appointment. Therefore, Defendant is not entitled to dismissal of the action even though Plaintiff failed to expressly request prior permission to file the lawsuit against Defendant.

B.     <u>Dismissal for Lack of Personal Jurisdiction</u>

*1. The Parties' Arguments*

Defendant argues that the court should dismiss this action for lack of personal jurisdiction over her. In support of this argument, Defendant asserts that the Complaint fails to (1) allege

that she purposefully availed herself of the privilege of conducting activities in South Carolina, (2) describe actions taken by Defendant that were directed to South Carolina, and (3) demonstrate why it would be fair for Defendant to be sued in South Carolina. (ECF No. 11-1 at 5–6.)

Plaintiff asserts that Defendant's Rule 12(b)(2) Motion should be denied because she was properly served under 28 U.S.C. § 1692 and the court has jurisdiction over her pursuant to 28 U.S.C. § 754. (ECF No. 12 at 2 (citing Quilling v. Cristell, No. Civ.A. 304CV252, 2006 WL 316981, at *2 (W.D.N.C. Feb. 9, 2006) ("Rule 4 of the Federal Rules of Civil Procedure contemplates that a district court may acquire personal jurisdiction through the use of statutes of the United States which provide for service of process upon a party not an inhabitant of or found within the state in which the district court is located.")).)

In her Reply Brief, Defendant argues that the application of §§ 754 and 1692 to Plaintiff's claims is erroneous because the property at issue is in South Carolina and these statutes "only apply when the property at issue is 'situated in different districts.'" (ECF No. 13 at 2 (citing 28 U.S.C. §§ 754 & 1692).) Defendant further argues that § 754 is unavailable to Plaintiff because he failed to timely comply with the statute's requirements. (ECF No. 13 at 3 (citing 28 U.S.C. § 754).) Finally, Defendant argues that §§ 754 and 1692 "do not on their face authorize in personam jurisdiction, only in rem." (ECF No. 13 at 3 (citation omitted).)

   *2. The Court's Review*

Plaintiff asserts that the court has jurisdiction over Defendant pursuant to 28 U.S.C. §§ 754 and 1692. "The in personam jurisdiction of a Court in a federal equity receivership proceeding is not governed by traditional minimum contacts analysis . . . ." Quilling, 2006 WL 316981, at *1. "In cases involving federal equity receiverships, the receivership court acquires

7

nationwide jurisdiction based on the interplay of 28 U.S.C. § 754 and 28 U.S.C. § 1692." Id. (citations omitted).  28 U.S.C. § 754 provides as follows:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
>
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

Id. 28 U.S.C. § 1692 further provides that "[i]n proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts." Id. "Through the interaction of sections 754 and 1692 the receivership court acquires both in rem and in personam jurisdictions in all districts where section 754 filings are timely made." Quilling, 2006 WL 316981, at *2.

In Yancy v. Int'l Fid. Ins. Co., Case No. 1:16-cv-0057, 2016 WL 2997375 (E.D. Va. May 25, 2016), the court effectively described how §§ 754 and 1692 establish personal jurisdiction:

> First, a "receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof" if the receiver files copies of the complaint and order of appointment in the district where the property is located within ten days of his appointment.  28 U.S.C. § 754.  By making those timely filings, the receiver acquires in rem jurisdiction over the receivership property.  The receiver may then establish personal jurisdiction over non-forum defendants in the receivership court pursuant to Rule 4(k)(1)(C) because 28 U.S.C. § 1692 authorizes nationwide service of process, provided the assertion of jurisdiction is compatible with due process under the Fifth Amendment of the United States Constitution.

8

Yancy, 2016 WL 2997375, at *3 (citing ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 626 (4th Cir. 1997); Terry v. Modern Inv. Co., No. 3-04cv00085, 2005 WL 1154274, at *4 (W.D. Va. May 11, 2005)).

Upon consideration of the foregoing, the court finds that Plaintiff complied with the statutory requirements of §§ 754 and 1692.  The court appointed Plaintiff Receiver on July 25, 2012, and he filed copies of the Order Appointing Receiver and the Criminal Information regarding the Wilson-AB&C Ponzi scheme in the United States District Court for the Western District of North Carolina, where Defendant's home of Etowah, NC (ECF No. 1-1) is located, on August 6, 2012.  USA v. Wilson, C/A No. 8:12-mc-00128-RJC, ECF No. 1 (W.D.N.C. Aug. 6, 2012).  Plaintiff's filing pursuant to § 754 was timely when the provisions of Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure are included in the assessment.[2]  See id. (providing that where a statute does not specify a method of computing time, any deadline that falls on a Saturday, Sunday or legal holiday will be timely if the filing is made on the next day that is not a Saturday, Sunday or legal holiday).  Plaintiff then affected service of process on Defendant. (ECF No. 5.)  Thus, the statutory requirements for personal jurisdiction in this court are satisfied.

Additionally, the court finds that asserting personal jurisdiction over Defendant would be consistent with due process.  Due process is satisfied if jurisdiction is not so extremely inconvenient or unfair that it outweighs the congressionally articulated policy of allowing personal jurisdiction.  Terry v. June, No. Civ.A. 303CV00052, 2003 WL 22125300, at * 4 (W.D. Va. Sept. 12, 2003) ("In a case in which a federal court is attempting to exercise personal jurisdiction over a defendant pursuant to a statute providing for nationwide service of process, the congressionally articulated policy permitting the assertion of in personam jurisdiction should

---

[2] The tenth day after July 25, 2012, was Saturday, August 4, 2012.  2012 calendar, http://www.calendardate.com/2012.php (last visited Aug. 11, 2016).

prevail except in cases of 'extreme inconvenience or unfairness.' Such cases arise where 'the burden of distant litigation is so great as to put [the defendant] at a 'severe disadvantage.''") (quoting ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 627 (4th Cir. 1997)). In this instance, because Etowah, NC is only approximately 50 miles from Greenville, SC,[3] the court is persuaded that "extreme inconvenience or unfairness" would not outweigh "the congressional policy behind the authorization of nationwide service of process provided by § 1692." Terry, 2003 WL 22125300, at *5; see also Yancey, 2016 WL 2997375, at *5 ("Simply put, requiring Herbert to travel less than eighty miles from his home to this courthouse is not constitutionally inconvenient or unreasonable, regardless of the traffic conditions.") (citation omitted). Therefore, the court concludes that it has personal jurisdiction over Defendant.

C.    Dismissal for Failure to State a Claim for Unjust Enrichment

*1. The Parties' Arguments*

Defendant contends that Plaintiff's claim for unjust enrichment fails because the Complaint does not include the requisite allegations that it would "be somehow unfair for the [D]efendant to retain the money or property at issue." (ECF No. 11-1 at 6 (citations omitted).) Defendant argues that in comparing her actions to those of other investors, "equity will not intervene to take money from . . . [her] that other investors, evidently blinded by greed, lost with their eyes open." (Id. (citation omitted).) Additionally, Defendant argues that Plaintiff should not be allowed to maintain claims for both unjust enrichment and fraudulent conveyance in violation of the Statute of Elizabeth. (ECF No. 13 at 3–4.)

In response to Defendant's contentions regarding the unjust enrichment claim, Plaintiff simply observes that he has "alleged sufficient facts to support a claim against . . . [Defendant]

---

[3] Distance between cities, http://www.distancebetweencities.net/etowah_nc_and_greenville_sc/ (last visited Aug. 11, 2016).

for unjust enrichment." (ECF No. 12 at 3.)

   *2. The Court's Review*

In South Carolina, "[u]njust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff." Ellis v. Smith Grading & Paving, Inc., 366 S.E.2d 12, 14 (S.C. Ct. App. 1988) (citing Barrett v. Miller, 321 S.E.2d 198, 199 (S.C. Ct. App. 1984)). To establish unjust enrichment in this matter, Plaintiff must prove the following three elements: (1) a benefit conferred upon Defendants by Plaintiff; (2) realization of that benefit by Defendants; and (3) retention by Defendants of the benefit under conditions that make it unjust for them to retain the benefit. Ellis, 366 S.E.2d at 15. Additionally, a plaintiff may plead unjust enrichment as an alternative claim pursuant to Fed. R. Civ. P. 8(d)(2). Enhance–It, L.L.C. v. Am. Access Tech., Inc., 413 F. Supp. 2d 626, 632 (D.S.C. 2006) ("Under South Carolina law, 'when an identical set of facts entitle the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both.'") (quoting Minyard Enter., Inc. v. Se. Chemical & Solvent Co., 184 F.3d 373, 381 (4th Cir. 1999)).

The court observes that Plaintiff as the Receiver in In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc. has been empowered to institute legal proceedings "against those individuals, corporations, agencies, partnerships, associations and/or unincorporated organizations, that the Receiver may claim to have wrongfully, illegally or otherwise improperly be in the possession of or misappropriated/transferred monies or other proceeds directly or indirectly traceable from investors in the Ponzi scheme . . . ." C/A No. 8:12-cv-02078-JMC, ECF No. 43 at 3 ¶ 2. Viewing the allegations of the Complaint in a light most favorable to Plaintiff, the court finds that Plaintiff has alleged Defendant received a benefit of

$225,190.00 from the Wilson-AB&C Ponzi scheme and Defendant had an appreciation or knowledge of that benefit.  (ECF No. 1 at 4 ¶ 24–5 ¶ 27.)  Plaintiff has further alleged circumstances demonstrating why it would be inequitable for Defendant to retain the benefit that she received from the Wilson-AB&C Ponzi scheme.  (Id. at 2 ¶¶ 6–11 & 7 ¶¶ 46–50.)  Therefore, dismissal of Plaintiff's cause of action for unjust enrichment against Defendant is not warranted.  E.g., Ashmore v. Taylor, C/A No. 3:13-2303-MBS, 2014 WL 6473714, at *4 (D.S.C. Nov. 18, 2014) ("The court finds that it would be inequitable for Defendant to 'enjoy an advantage over later investors sucked into the Ponzi scheme who were not so lucky.'") (citation omitted); In re Dreier LLP, 462 B.R. 474, 485 (Bankr. S.D.N.Y. 2011) ("The general rule in Ponzi scheme cases is that net winners must disgorge their winnings. '[I]nvestors may retain distributions from an entity engaged in a Ponzi scheme to the extent of their investments, while distributions exceeding their investments constitute fraudulent conveyances which may be recovered by the Trustee.'") (citations omitted).

Moreover, the court is not persuaded that Plaintiff is foreclosed from asserting claims in this action for both fraudulent conveyance and unjust enrichment.  Generally, a party is not required to make an election of remedies until after the verdict is entered and prior to the entry of judgment.  Enhance–It, 413 F. Supp. 2d at 632 (citing Minyard Enter., 184 F.3d at 381).

## V.     CONCLUSION

Upon careful consideration of the parties' arguments and for the reasons set forth above, the court hereby **DENIES** Defendant Brigitte Owens' Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 11).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 12, 2016
Columbia, South Carolina