# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his capacity as court-appointed receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., ) ) ) ) Plaintiff, ) ) v. ) ) Brigitte Owens, ) ) Defendant. ) ) | Civil Action No. 8:15-cv-02373-JMC  **ORDER AND OPINION** |

Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion & Coin, Inc. ("AB&C"), filed the instant Complaint against Defendant Brigitte Owens ("Defendant") asserting claims of unjust enrichment and fraudulent conveyance under S.C. Code Ann. § 27-23-10 (2017) and/or N.C. Gen. Stat. § 39-23.1 *et seq* (2017). (ECF No. 1 at 6.) This matter is before the court pursuant to Plaintiff's Motion to Strike ("Motion") Defendant's demand for a jury trial. (ECF 35.) Defendant made a timely response opposing the Motion (ECF No. 37), and Plaintiff has replied (ECF No. 39). Plaintiff contends that, because the instant Complaint involves only equitable claims, there is no right to a jury. (ECF No. 35 at 1.) Defendant asserts that the claims in the case are subject to a jury trial. (ECF No. 37 at 1.) For the following reasons, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

## I. LEGAL STANDARD

The Seventh Amendment provides that, "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S.

1

Const. amend. VII. The Supreme Court has interpreted the phrase "Suits at common law" to refer to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Granfinanciera v. Nordberg, 492 U.S. 33, 43 (1989) (emphasis added in Granfinanciera) (internal quotations omitted) (citing Parsons v. Bedford, 28 U.S. 433, 447 (1830)). When equitable rights and remedies alone are at issue, parties have no right to a jury trial. Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson), 5 F.3d 750, 757 (4th Cir. 1993). The court can thus proceed without a jury, notwithstanding a party's request for one. Francis v. Dietrick, 682 F.2d 485, 487 (4th Cir. 1982). However, when legal rights or remedies are at issue, the "Seventh Amendment . . . requires a jury trial upon demand." Curtis v. Loether, 415 U.S. 189, 194 (1974); see also Fed. R. Civ. P. 39(a)(2) ("The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all issues there is no federal right to a jury trial.").

A court sitting in diversity must apply the substantive state law of the state in which it sits. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). However, in federal court, "the characterization of [a] state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." Simler v. Conner, 372 U.S. 221, 222 (1963). If the parties "seek to enforce statutory rights that are analogous to common-law causes of action or seek remedies analogous to those available in common-law courts," they do not have a right to a jury trial. McGee, 5 F.3d at 757. In Granfinanciera, the Supreme Court set out a two-part test for determining whether a party asserting statutory rights has a right to a jury: "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." Granfinanciera, 492 U.S. at 42. It is thus

necessary to subject both of Plaintiff's claims to Granfinanciera's two-part test and determine whether each of them separately is a claim that must be submitted to a jury.

## II. ANALYSIS

### A. The fraudulent conveyance claim

The court begins with the fraudulent conveyance claim. Granfinanciera's first step is to determine whether Plaintiff's claim is one comparable to an "18th-century action[] brought in the courts of England prior to the merger of the courts of law and equity." 492 U.S. at 42.

Both statutes mentioned in the Complaint trace their origins to England's Statute of Elizabeth. See Oskin v. Johnson, 735 S.E.2d 459, 467 (S.C. 2012) (Hearn, J., dissenting) (tracing the law to the original English Statute of Elizabeth); see also Starnes v. Comm'r, 680 F.3d 417, 430 (4th Cir. 2012) (referring to the North Carolina law as "North Carolina's version of the Uniform Fraudulent Transfer Act"); Unif. Fraudulent Transfer Act Prefatory Note (tracing the origins of the Uniform Fraudulent Transfer Act to the original Statute of Elizabeth). Thus, though the laws might have different titles and minor differences, for the purposes of this analysis they are essentially fraudulent conveyance statutes. See Coder v. Arts, 213 U.S. 223, 242 (1909) (referring to the Statute of Elizabeth as a fraudulent conveyance law); DWC3, Inc. v. Kissel, 2016 N.C. App. LEXIS 261, at *11 (N.C. Ct. App. Mar. 15, 2016) (referring to the law as "North Carolina's fraudulent transfer statute"); Lebovitz v. Mudd, 358 S.E.2d 698, 700 (S.C. 1987) (referring to the law as the state's "fraudulent conveyances statute").

In 18th-century England, courts of law and courts of equity often had concurrent jurisdiction over fraudulent conveyance actions. Granfinanciera 492 U.S. at 43. However, fraudulent conveyance actions which prayed for "monetary relief would not have sounded in equity 200 years ago in England." Id. Here, Plaintiff is seeking "an award of actual damages in

the amount of $255,190.00, interest as allowed by law, consequential and incidental damages in amounts to be determined by the trier of fact, and . . . reasonable attorney's fees." (ECF No. 1 at 8.) This is thus a fraudulent conveyance action for money damages, which would have been brought in a court of law in 18th-century England.

The analysis above informs the second part of the Granfinanciera test, "which is more important than the first." Id. at 492 U.S. 42. Step two of Granfinanciera's requires a court to examine the remedy sought and determine whether it is legal or equitable in nature." Id. at 42. Numerous Supreme Court cases have held that a request for damages is a legal remedy. See Pernell v. Southall Realty, 416 U.S. 363, 370 (1974) ("[W]here an action is simply for the recovery . . . of a money judgment, the action is one at law.") (quoting Whitehead v. Shattuck, 138 U.S. 146, 151 (1891)); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 476 (1962) ("Petitioner's contention . . . is that insofar as the complaint requests a money judgment it presents a claim which is unquestionably legal. We agree with that contention."); Gaines v. Miller, 111 U.S. 395, 397-398 (1884) ("Whenever one person has in his hands money equitably belonging to another, that other person may recover it by assumpsit for money had and received. The remedy at law is adequate and complete.") (citations omitted). Damages are thus a legal remedy. Here, Plaintiff has prayed for monetary damages, (ECF No. 1 at 8), and thus the requested remedy is a legal one.

In sum, Plaintiff here has brought a fraudulent conveyance action for the recovery of a fixed sum of money, which is the same fact pattern of Granfinanciera. The court concludes, as did the Supreme Court in Granfinanciera, that Defendant has a right to a jury determination of her fraudulent conveyance claim.

### B. The unjust enrichment claim

Plaintiff's second cause of action is unjust enrichment. (ECF No. 1 at 6.) The court notes that Defendant never responded to Plaintiff's motion to strike Defendant's jury demand as to the unjust enrichment claim. (ECF No. 37.) Under federal law, unjust enrichment is an equitable action. See Fed. Power Comm'n v. Interstate Nat. Gas Co., 336 U.S. 577, 588 (1949) (discussing a court of equity's role in "preventing unjust enrichment"); Spring Constr. Co. v. Harris, 614 F.2d 374, 378 (4th Cir. 1980) (referring to the "equitable doctrine of unjust enrichment"). As unjust enrichment is an equitable claim, there is no right to a jury trial on that claim.

### C. Procedure in a case involving both legal and equitable claims

As the court has concluded that the instant case involves both legal and equitable claims, it now must determine whether those claims should be determined by one factfinder or two. The fact that this case may potentially involve two factfinders does not necessitate a severance of the claims. See Ross v. Bernhard, 396 U.S. 531, 540 (1970) ("Separable claims may be tried separately, or legal and equitable issues may be handled in the same trial."). In such cases, the Supreme Court has stated that "only under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims." Beacon Theatres v. Westover, 359 U.S. 500, 510-11 (1959). This means that when a case involves both legal and equitable claims that share issues in common, "the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims." Dairy Queen, 369 U.S. at 479. Specifically, the Fourth Circuit has ordered that "[w]hen both legal and equitable remedies are demanded, the appropriate method of proceeding requires submission of the case first to the jury to resolve liability and all legal damages. Thereafter, the court conducts a trial in equity to resolve all issues of equitable relief." Duke v. Uniroyal, Inc., 928 F.2d 1413,

1422 (4th Cir. 1991). The instant action will thus require a jury trial to first determine issues relating to liability and damages with respect to fraudulent conveyance, and then, if there are any equitable issues remaining with respect to unjust enrichment, a court decision on those claims.

### III. CONCLUSION

Because Plaintiff has asserted both legal and equitable claims and Defendant has demanded a jury trial, Plaintiff's motion to strike is **GRANTED IN PART** with respect to the unjust enrichment claim and **DENIED IN PART** with respect to the fraudulent conveyance claim. (ECF No. 35.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 13, 2017
Columbia, South Carolina

6